## In re Chester County Trust Company

*Thomas C. Gawthrop* and *H. F. Troutman,* for accountant.
*Edwin Fischer* and *Thomas L. Hoskins,* for exceptants.

WINDLE, J., August 30, 1934.—In a settlement for the conveyance of real estate held in the real estate settlement department of Chester County Trust Company prior to its closing, wherein William W. Cullen and Victor R. Bieber, executors and trustees under the will of John J. Cullen, deceased, were vendors, under agreement the sum of $1,000 was retained by the trust company to await the outcome of certain litigation between Anna Wocklish and the Cullen estate, to be paid to the party who proved to be successful in the suit. After four trials, the said Anna Wocklish obtained a judgment in that action in the amount of $1,095.12, on March 10, 1934. On March 7, 1934, after verdict rendered and before the judgment thereon above referred to was entered, the said Anna Wocklish and the said executors of the estate of John J. Cullen presented a joint claim to said fund which, as respects the money distributed under this first and partial account, is objected to by the secretary on the ground that it was filed too late, to wit, after June 19, 1933, the date fixed in the notice to creditors to file claims. Anna Wocklish then, on April 16, 1934, presented her petition to this court setting forth, inter alia, the above facts and the contents of a letter

from the first special deputy in charge of the affairs of the trust company, and praying leave to file her claim nunc pro tunc, "so that distribution of the sum of $1,000 held in trust by Chester County Trust Company may be made to her on the present accounting." The secretary objects to the granting of such leave, having included the claim in his account as a "general claim—objected to". To so listing said claim Anna Wocklish also filed exceptions on the ground that priority is denied it, and that it should have been allowed for distribution in the present accounting. The executors of the Cullen estate also filed exceptions raising the question of priority of said claim.

The first question to be disposed of is whether or not Anna Wocklish shall be allowed to file her claim nunc pro tunc. We see no good reason why she should be and accordingly refuse to grant her leave to do so. The Banking Act of June 15, 1923, P. L. 809, sec. 42, here controlling, definitely fixes the time within which claims must be filed in order to be allowed and this claim was not filed within that time. The said act, in section 47, as amended by the Act of May 5, 1927, P. L. 762, goes on to say, however: "The confirmation of a partial account and distribution thereunder, as aforesaid, shall be conclusive only as to the fund distributed, and shall not prevent the proof and allowance, out of the fund involved in any subsequent account, of claims not presented in time for allowance out of such previous fund."

This clearly contemplates that claims not presented within the proper time for inclusion in a partial account may be received and included in a subsequent account. That is entirely appropriate to the situation here. The claim under consideration may be considered by the secretary when preparing his second account and may be listed therein under whatever heading he sees fit, and exceptions thereto may then be filed by these claimants if they so desire. The letter quoted by Anna Wocklish in her petition does not compel us to any different conclusion.

The same question was disposed of in a similar manner by Ferguson, P. J., in In re County Trust Company of Philadelphia, 16 D. & C. 485. In his opinion he says: "The language of the statute is clear. Having failed to file the claim within the time fixed by the notice, petitioner is barred from coming in on the fund involved in the first partial account, but is at liberty to file its claim after that account is filed. To hold otherwise would delay the secretary of banking during the preparation of an account by requiring him to pause to classify and pass upon belated claims, and this is what the provisions of the statute are intended to prevent."

While said decision is not controlling on us, yet with the reason and logic thereof we agree and have no hesitancy in arriving at the same conclusion. The claim may not be filed nunc pro tunc.

In view of our disposition of the first question as above, the exceptions filed to the listing of said claim in the account will not be considered but will be dismissed. As above indicated, however, this is done without prejudice to the right of claimants to file the same or other appropriate exceptions to any subsequent account filed by the secretary in the future. It may not be inappropriate to point out here, however, that were we in a position to pass upon this claim and these exceptions on the question of priority, said exceptions would be dismissed finally. As indicated in opinions this day filed on other exceptions to the same account, although there may be a trust as to the fund in question, there is no sufficient tracing thereof to establish the right to a preference in regard thereto and the claim to that effect could not be sustained. Petition refused; exceptions dismissed without prejudice.     From Truman D. Wade, West Chester, Pa.